## Harvey v. Hooversville Borough

*W. Curtis Truxal,* for plaintiff; *Uhl & Ealy,* for defendant.

*Joseph Levy,* for petitioners.

REED, P. J., O. C., forty-seventh judicial district, specially presiding, October 23, 1931.—The plaintiff brought suit against the Borough of Hooversville to recover the sum of $780, with interest thereon from January 1, 1928, which he alleged was justly due and payable to him by reason of his having been employed as chief of police of said borough, at a salary of $130 per month.

The case came on for a hearing, and on May 1, 1931, a verdict was rendered in favor of the plaintiff against the defendant in the sum of $780, with interest from October 1, 1928. At the time of the hearing, counsel presented to the court a statement of the facts that had been agreed upon between the plaintiff and the defendant, and the verdict in this case is based on these agreed-upon facts.

On June 1, 1931, a petition was presented by John E. Custer, Lee Marshall, Steve Bosnyak, Nelson Hoover and John Murray, representing that they are resident taxpayers of the Borough of Hooversville, in said county, and, after setting forth several matters in said petition, prayed the court to permit them to intervene to defend the Borough of Hooversville against the claim of the plaintiff in the above case and to permit them to inquire into and present to the court all the facts so that the validity of the said claim may be determined.

Upon the presentation of this petition a rule was granted upon Howard Harvey, the plaintiff, and the burgess and borough council of the Borough of Hooversville to show cause why the petitioners should not be permitted to intervene in the foregoing action and defend the same for and on behalf of the said borough. This rule was made returnable on June 8, 1931.

On the return day of the rule, to wit, June 8, 1931, Howard Harvey filed an answer to the petition, and most of the allegations in the petition are

either admitted or simply denied, without qualification or explanations, but the answer sets up in paragraph nine that the petitioners are not acting in good faith, but are acting through malice and hatred of the respondent. This, of course, is immaterial if the petitioners have the right under the law to intervene, and it is a matter that need not be discussed at this stage of the proceeding. However, in the tenth paragraph of respondent's answer, he raises the question of the jurisdiction of the court to act at the present time for the following reasons:

"Respondent further avers that he brought an action of assumpsit against the Borough of Hooversville for services rendered; the jury returned a verdict in favor of the plaintiff, and a motion for judgment n. o. v. presented by the defendant was overruled by the court and the prothonotary directed to enter judgment thereon. Judgment was entered thereon and the petitioners are too late to intervene to reopen the case."

The General Borough Act of May 4, 1927, P. L. 519, Sec. 3205, provides as follows:

"Any taxpayer of any borough may inquire into the validity of any judgment, or defend the borough in any suits or judgment, upon filing a petition with the court of common pleas of the county in which such suit is pending or judgment exists, accompanied by an affidavit that the taxpayer believes that injustice will be done to the borough in such suit or judgment. Whenever it is deemed necessary, the court may order such taxpayer to file a bond with one or more sureties, to be approved by court, to save the borough harmless from all costs that may accrue in such proceeding subsequent to the filing of such petition. When such intervention shall have taken place, such taxpayer shall be deemed a party to the record, and no settlement of any suit or judgment, wherein such intervention shall have taken place, shall be made by the borough without notice to such intervening taxpayer and opportunity for him to be heard."

It will be noted that the provisions of the above quoted section of this act provide for the right of any taxpayer to inquire into the validity of any judgment or defend the borough in any suits or judgments, etc. This judgment, having been rendered on a verdict directed by the court under the facts submitted, we believe is open to inquiry on the part of these taxpayers, who have prayed for the right to intervene, and, inasmuch as the act of assembly does not specify any particular time at which the taxpayer has the right of intervention, it would appear that this right exists at any time prior to the payment of the judgment, providing the petitioners comply with the further provisions of the act by filing a bond, with one or more sureties, to save the borough harmless from all costs that may accrue in such proceedings subsequent to the filing of such petition.

If we are right in our construction of the provisions of this act of assembly, the prayer of the petitioners for the right to intervene must be allowed; and, having concluded that the petitioners have brought themselves within the provisions of the section of the Act of 1927, above quoted, we hold that it is the duty of the court to permit the petitioners to intervene upon the filing of a sufficient bond, with one or more sureties, to be approved by the court, to save the borough harmless from all costs that may accrue in such proceedings subsequent to the filing of such petition.

### Decree

And now, October 23, 1931, the rule heretofore granted to show cause why the petitioners, John E. Custer, Lee Marshall, Steve Bosnyak, Nelson Hoover and John Murray, should not be permitted to intervene is made absolute, and said order is to be effective on condition that the said petitioners file a bond in

the sum of $300, with one or more sureties, to be approved by the court, to save the borough harmless from all costs that may accrue in such proceeding subsequent to filing of their petition, said bond to be filed within ten days from the granting of this petition, and notice of the granting of this petition and decree of the court to be given to the petitioners as soon as the order has been handed down by the court.        From Mrs. Daryle R. Heckman, Somerset, Pa.